```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DIQUAN BOOKER,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       19-CV-3864(JS)(AKT)

HON. WILLIAM J. O'BRIEN, ROBERT
SCHALK, ESQ.,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:    Diquan Booker, pro se
                  16-A-1691
                  Sullivan Correctional Facility
                  P.O. Box 116
                  Fallsburg, New York 12733-0116

For Defendants:   No appearances.
```

SEYBERT, District Judge:

On July 2, 2019, incarcerated pro se plaintiff Diquan Booker ("Plaintiff") filed a Complaint, (Compl., D.E. 1), in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Honorable William J. O'Brien ("Judge O'Brien") and Robert Schalk, Esq. ("Schalk" and together, "Defendants"), accompanied by an application to proceed in forma pauperis, (IFP Mot., D.E. 2). On August 26, 2019, Plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. (Mot., D.E. 16.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that

Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, Plaintiff's Section 1983 claims are not plausible and are thus DISMISSED WITH PREJUDICE. Given the dismissal of the Complaint, Plaintiff's application for the appointment of pro bono counsel is DENIED.

THE COMPLAINT[1]

Plaintiff's Complaint is submitted on the Court's Section 1983 Complaint form and is brief. Plaintiff seeks to challenge events alleged to have occurred in the Nassau County Court on April 13, 2016. In its entirety, Plaintiff alleges the following facts:

> I Diquan Booker was manipulated by Robert Schalk Esq. he was given to me by court because I could not pay for a attorney did not have money for one. He did not like me he did not have a friendly conversation or relationship with me he cursed at me told me iama animal I am gonna kill myself if I go to trial I told him he's fired he said he's not letting me fire him he's telling Judge O'brien not to give me another attorney. I ask Judge O'brien for a new attorney he said no. I brought up

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order. Excerpts from the Complaint as reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

>           at a later court date I ask for a new attorney
>           he William J. O'brien lied and said I never
>           ask then he said it's to late and gave me the
>           middle finger they both did not like me.  I
>           was scared of how my attorney that was given
>           to me was talking to me the court had given me
>           a evil attorney that force me to take a plea
>           this was ineffective counsel and freedom then
>           gave me the middle finger.  I was treated
>           wrong.  You can see in my transcript how wrong
>           this was.[2]  I just was fighting for my freedom.

(Compl. ¶ II.)  Although Plaintiff does not allege any claimed injuries (Compl. ¶ II.A.), he seeks an award of $30 million as "compensation for the time I done over these violated rights." (Compl. ¶ III.)  In addition, Plaintiff "would like the attempted murder charges to be drop because they both violated my rights deprived me of my right to counsel and freedom ineffective assistance counsel cursed at me stuck up middle finger".

---

[2] Plaintiff has annexed a copy of the sentencing transcript, dated April 13, 2016, to his Complaint.  (S. Tr., D.E. 1-1.) The Court notes, as a threshold matter, that because his Complaint was filed on July 2, 2019, more than three years from the April 13, 2016 proceeding about which Plaintiff complains, his Section 1983 claims are likely barred by the statute of limitations.  The applicable statute of limitations for a Section 1983 action is governed by "the law of the state in which the cause of action arose."  Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007).  In New York, the general statute of limitations for personal injury claims is three years.  See N.Y. C.P.L.R. § 214(5).  Although the Court generally would allow Plaintiff an opportunity to demonstrate a basis to toll the statute of limitation before dismissing his claims for this reason, the Court need not reach this question given that Plaintiff's Section 1983 claims are implausible for the reasons that follow.

3

(Compl. ¶ III.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.

Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person

5

who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Immunity Bars Plaintiff's Claims Against Judge O'Brien

1. The Eleventh Amendment

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L. Ed. 2d 636 (1999)). Insofar as Plaintiff seeks to recover a monetary award against Judge O'Brien, he is immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L. Ed. 2d 67 (1984). Because Section 1983 does not operate as a waiver of New York's Eleventh Amendment immunity and New York has not consented to such suits in federal Court, Walter v. Queens College, No. 18-CV-3060, 2019 WL 2342700, *4 (E.D.N.Y. June 3, 2019) ("Congress did not waive the states' Eleventh Amendment immunity from suit when it enacted [S]ection 1983"), Plaintiff's

claims against Judge O'Brien are barred by the Eleventh Amendment and are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. See, e.g., Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 54, 116 S. Ct. 1114, 1121, 134 L. Ed. 2d 252 (1996) (a claim that is barred by a state's sovereign immunity is properly dismissed under the Eleventh Amendment for a lack of subject matter jurisdiction).

### 2. Absolute Judicial Immunity

Further, to the extent that Plaintiff seeks prospective injunctive relief from Judge O'Brien in his official capacity (which is not barred by the Eleventh Amendment) such claims are barred by absolute judicial immunity. It is well-established that judges have absolute judicial immunity from suit for their judicial actions. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). This absolute "judicial immunity is not overcome by allegations of bad faith or malice" nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority." Mireles, 502 U.S. at 11, 13, 112 S. Ct. at 288 (internal quotation marks and citations omitted; ellipsis omitted). This immunity may be overcome only if the court is

alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id. at 11-12, 112 S. Ct. at 288.

Here, Plaintiff complains of conduct allegedly performed by Judge O'Brien while presiding over the underlying state court proceeding. There is nothing in the Complaint from which the Court could reasonably construe that any alleged misconduct occurred outside of that capacity or that Judge O'Brien lacked jurisdiction over the proceedings. Thus, as is readily apparent, Judge O'Brien is entitled to absolute judicial immunity. Accordingly, Plaintiff's claims against Judge O'Brien are DISMISSED.

B. Plaintiff's Claims against Schalk are Implausible because he does not act Under Color of State Law

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person action under color of state law. Thus, private parties are not generally liable under a Section 1983. Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 461-62, 102 L. Ed. 2d 469 (1988) (internal quotation marks

and citation omitted).

Generally, attorneys, whether court-appointed or privately retained, are not state actors for purposes of Section 1983. See Polk Cty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); see also Brown v. Legal Aid Soc'y, 367 F. App'x 215, 216 (2d Cir. Feb. 23, 2010) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Nevertheless, liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory. See Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25.

As is readily apparent, Plaintiff's Section 1983 claims against Schalk are implausible because he is not a state actor and the Complaint, including the transcript annexed thereto, is devoid of any factual allegations such that a plausible Section 1983 conspiracy claim may be reasonably construed. Accordingly,

9

Plaintiff's Section 1983 claims against Schalk are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state laws claims Plaintiff may have and any such claims are thus DISMISSED WITHOUT PREJUDICE. See 28 U.S.C. § 1367(c)(3); see also Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988) (a federal court should generally decline to exercise supplemental jurisdiction over state law claims if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's federal claims are dismissed at an early stage in the litigation).

   C.   Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED. Given the dismissal of the Complaint, Plaintiff's application for

10

the appointment of pro bono counsel is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis, (D.E. 2), is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b) with the exception that Plaintiff's Section 1983 claims seeking monetary damages against Judge O'Brien are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state laws claims Plaintiff may have and any such claims are thus DISMISSED WITHOUT PREJUDICE. Finally, given the dismissal of the Complaint, Plaintiff's application for the appointment of pro bono counsel, (D.E. 16), is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October __16__, 2019
      Central Islip, New York